# IN THE COURT OF APPEALS OF IOWA

No. 25-0407
Filed December 3, 2025

**US NURSING CORP. d/b/a FASTAFF, INC. and SAFETY NATIONAL CASUALTY CORP.,**
    Petitioners-Appellants,

**vs.**

**CYNTHIA DECORMIER,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald, Judge.

An employer appeals an adverse judicial-review ruling following proceedings before the workers' compensation commissioner. **AFFIRMED.**

Stephen W. Spencer and Christopher S. Spencer (argued) of Peddicord Lillis, LLP, West Des Moines, for appellants.

Matthew G. Novak (argued) of Pickens, Barnes & Abernathy, Cedar Rapids, for appellee.

Heard at oral argument by Chicchelly, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

U.S. Nursing Corp. d/b/a/ Fastaff, Inc., and Safety National Casualty Corp. (collectively U.S. Nursing) appeal from judicial review of proceedings before the workers' compensation commissioner, asserting errors in calculating the rate of benefits and the award of penalty benefits to Cynthia DeCormier. We affirm.

## I. Background Facts and Proceedings

DeCormier was working for U.S. Nursing as a traveling nurse and assigned to a hospital in Sioux City when the parties stipulate she fell and injured her right wrist. Under her contract at the time of injury, DeCormier was initially guaranteed forty-eight hours of work per week at $65 per hour regular time and $97.50 overtime, and she received a $10 per hour raise the week before she fell.

In arbitration, a deputy workers' compensation commissioner awarded DeCormier benefits based on a weekly rate of $1562.60 and denied her claim for penalty benefits. DeCormier and U.S. Nursing both appealed to the commissioner, who affirmed the deputy as to the rate of pay and modified the ruling on the penalty issue, awarding $5,500 in penalty benefits. U.S. Nursing petitioned for judicial review, challenging the rate of pay and the penalty. The district court affirmed the commissioner. And U.S. Nursing appeals.

## II. Standard of Review

On questions of law, we review for correction of legal error without deference to the commissioner. *JBS Swift & Co. v. Ochoa*, 888 N.W.2d 887, 892–93 (Iowa 2016). On factual questions, we review for substantial evidence; if a finding is supported by substantial evidence, it binds us. *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012). And on questions of applying the facts to

the law as vested in the agency, we reverse only if the commissioner's decision is irrational, illogical, or wholly unjustifiable. *Id.*

### III.   Discussion

U.S. Nursing reprises the two claims it made to the district court on judicial review: that it believes the rate of pay was incorrectly calculated and it should not have to pay DeCormier penalty benefits.  We consider each.

### A.  Rate of Pay

The parties dispute which part of Iowa Code section 85.36 (2020)—subsection 6 or 9—governs rate of pay in this case.  Subsection 6 applies when an employee has worked for the employer for more than thirteen weeks preceding the injury and permits calculation of benefits based on actual hourly rate.  Iowa Code § 85.36(6).  Subsection 9 applies when the worker either earned no wages in the preceding thirteen weeks or earned less than the usual weekly earnings of a regular full-time adult laborer in her "line of industry" in that locality; it permits using a yearly average to calculate weekly pay.  Iowa Code § 85.36(9).

The deputy commissioner, commissioner, and district court all found subsection 6 applies because DeCormier was working for U.S. Nursing as a traveling nurse for not only the ten weeks she had been at the Sioux City hospital but also on another assignment before that—which ended close in time to her stint in Sioux City.  U.S. Nursing argues to us, as it did below, that subsection 9 should

apply.[1]  The deputy commissioner, commissioner, and district court all rejected this argument because U.S. Nursing failed to prove either of subsection 9's factual predicates: that DeCormier either earned no wages or less than the usual wages customary in her line of industry.  To the contrary, the commissioner found U.S. Nursing's own witness confirmed that DeCormier's "earnings were typical, customary, or usual for a traveling nurse."

We agree with the deputy, commissioner, and district court on the facts and the law.  U.S. Nursing did not prove subsection 9 should apply, and the commissioner's determination that this pay arrangement is typical in the industry is supported by substantial record evidence, including DeCormier's testimony and that of U.S. Nursing's witness.  While perhaps a counter-argument could be mounted (or could have been mounted below), it is not our role to decide factual issues in this case anew.  We affirm.

---

[1] As part of this argument, U.S. Nursing points to an unpublished decision involving a retired worker: *Lopez v. Midstates Horse Shows, Inc.*, No. 08-1714, 2009 WL 3337614 (Iowa Ct. App. Oct. 7, 2009).  U.S. Nursing has not consistently described the holding of *Lopez*, at various points in the litigation claiming it used an "averaging test" or "basically the 'averaging test.'"  In reality, the *Lopez* court affirmed the commissioner's decision to rely on subsection (9) *rather than* an averaging test."  2009 WL 3337614, at *6 (emphasis added).  We do not think *Lopez* offers much insight to this case.

**B. Penalty Benefits**

Next, U.S. Nursing asks us to vacate the award of penalty benefits.[2] Iowa Code section 86.13(4)[3] permits the commissioner to award penalty benefits when an employer unreasonably delays in paying the total amount of benefits owed to a worker. *See Robbennolt v. Snap-On Tools Corp.*, 555 N.W.2d 229, 237 (Iowa 1996). The employer may rebut a worker's entitlement to penalty benefits if the employer can show (1) it was conducting a reasonable investigation; (2) the results of the investigation were the basis for its underpayment; and (3) the employer contemporaneously conveyed the basis for this position to the worker. Iowa Code § 86.13(4)(b), (c); *see also Pettengill v. Am. Blue Ribbon Holdings, LLC*, 875 N.W.2d 740, 747 (Iowa Ct. App. 2015) (detailing the timeline for making such a showing).

The commissioner found U.S. Nursing failed to rebut DeCormier's claim based on its lack of proof regarding a timely, contemporaneous, and reasonable investigation and notice of the same. The commissioner awarded penalty benefits equal to 20% of the delayed or underpaid benefits (less than the permissible 50%). In doing so, the commissioner made a fact-finding that, for a period of almost eight

---

[2] As a sub-argument concerning penalty benefits, U.S. Nursing asserts a mathematical error in calculating the underpayment, to the tune of $60 per week. But U.S. Nursing never called this alleged error to the commissioner's attention during the agency proceedings, and neither the judicial-review court nor our court can hear new issues on appeal. *See Staff Mgmt. v. Jimenez*, 839 N.W.2d 640, 647 (Iowa 2013).

[3] This provision was moved to section 10A.315 by the Code Editor in 2023 without substantive change. 2023 Iowa Acts, ch. 19, §§ 1466, 1467, 1477.

months,[4] DeCormier "clearly established" underpayment. This shifted the inquiry to whether U.S. Nursing proved it was conducting a reasonable investigation, that the investigation was the basis for underpayment, or that it conveyed this contemporaneously, and the commissioner found U.S. Nursing failed to make this showing. We agree. U.S. Nursing was the master of its own case on this issue, and it put forward little if any evidence establishing the basis for any investigation or related delay, let alone contemporaneous communications, concerning that eight-month-period. We, like the district court, find the commissioner's decision to award penalty benefits is supported by substantial evidence and must be affirmed.

**AFFIRMED.**

---

[4] The commissioner's appeal decision includes a detailed date-by-date recitation of events pertinent to this issue in support of his conclusion that U.S. Nursing did not comply with the statute until September 1, 2021. Repeating the numerous dates here would serve no purpose beyond cluttering the opinion.